# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST,** § § § § § § § § **Plaintiff,** § § **v.** § § § **TERESITA DE JESUS FACIO, JULIO** § **HUMBERTO FACIO, HECTOR** § **FACIO, CARLOS FRANCISCO** § **FACIO, MARIA ESPERANZA** § **VILCHIS, MARIA SOCORRO FACIO-** § **CONTRERAS, NORMA ALICIA** § **SCHRECKENGOST, VERONICA** § **GUADALUPE STOCKER, SYLVIA** § **YOLANDA FACIO, CAROL FACIO** § **RIVERA AKA CAROLINA RIVERA,** § **AND MARTIN MANUEL FACIO,** § § **Defendants.** § | **Civil Action No**. 3:19-cv-334 |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust ("BNYM" or "Plaintiff") and files this its *Original Complaint* against Teresita de Jesus Facio, Julio Humberto Facio, Hector Facio, Carlos Fransisco Facio, Maria Esperanza Vilchis, Maria Socorro Facio-Contrras, Norma Alicia Schreckengost, Veronica Guadalupe Stocker, Sylvia Yolanda Facio, Carol Facio Rivera aka Carolina Rivera, and Martin Manuel Facio ("Defendants"), and would respectfully show the Court as follows:

## I.  PARTIES, JURISDICTION AND VENUE

1. Plaintiff BNYM is the trustee of a trust.  When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.  *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008).  Wells Fargo is a national banking association which is chartered and has its main office in South Dakota.  In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located.  *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006).  Therefore, Plaintiff BNYM is a citizen of New York for purposes of diversity jurisdiction.

2. Maclovia Saldana ("Decedent") was an obligor under the Loan Agreement. Decedent died on or about July 10, 2008. Upon information and belief, no probate is open for Decedent's estate in the county where the subject property is located or the county where she died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3. Defendant Teresita De Jesus Facio is a citizen of Texas, an obligor under the Loan Agreement, and daughter of Decedent. She may be served with process at 8512 San Miguel Drive, El Paso, Texas 79907, or at such other place as she may be found. Summons is requested.

4. Defendant Julio Humberto Facio is a citizen of Texas and the son of Decedent. He may be served with process at 12572 Wendy Reed Drive, El Paso, Texas 79928, or at such other place as he may be found. Summons is requested.

5. Defendant Hector Facio is a citizen of Texas and the son of Decedent. He may be served with process at 8512 San Miguel Drive, El Paso, Texas 79907, or at such other place as he may be found. Summons is requested.

6. Defendant Carlos Francisco Facio is a citizen of Texas and the son of Decedent. He may be served with process at 8512 San Miguel Drive, El Paso, Texas 79907, or at such other place as he may be found. Summons is requested.

7. Defendant Maria Esperanza Vilchis is a citizen of Texas and the daughter of Decedent. She may be served with process at 8512 San Miguel Drive, El Paso, Texas 79907, or at such other place as she may be found. Summons is requested.

8. Defendant Maria Socorro Facio-Conteras is a citizen of Texas and the daughter of Decedent. She may be served with process at 8410 Tigris Drive, Apt 502, El Paso, Texas 79907, or at such other place as she may be found. Summons is requested.

9. Defendant Norma Alicia Schreckengost is a citizen of California and the granddaughter of Decedent. She may be served with process at 11016 Hemlock Avenue, Hesperia, California 92345, or at such other place as she may be found. Summons is requested.

10. Defendant Veronica Guadalupe Stocker is a citizen of California and the granddaughter of Decedent. She may be served with process at 13199 Soft Cloud Way, Victorville, California 93292, or at such other place as she may be found. Summons is requested.

11. Defendant Sylvia Yolanda Facio is a citizen of California and the granddaughter of Decedent. She may be served with process at 12563 Caballero Court, Victorville, California 92395, or at such other place as she may be found. Summons is requested.

12. Defendant Carol Facio Rivera, a/k/a Carolina Rivera is a citizen of California and the granddaughter of Decedent. She may be served with process at 16465 Green Tree Boulevard,

Apt 27, Victorville, California 92395, or at such other place as she may be found. Summons is requested.

13. Defendant Martin Manuel Facio is a citizen of California and the grandson of Decedent. He may be served with process at 15833 Rough Rider Place, Victorville, California 92394, or at such other place as he may be found. Summons is requested.

14. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). The total unpaid balance owed of as of April 8, 2019 was $94,651.54. Interest and fees continue to accrue.

15. Additionally, attorney's fees are included in the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). Plaintiff estimates that attorney's fees will be in excess of $15,000.00 through trial. Accordingly, the amount in controversy is well in excess of $75,000.00.

16. Venue is proper in this district and division, the United States District Court for the Western District of Texas, El Paso Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

17. On or about June 16, 2003, Decedent Maclovia Saldana and Defendant Teresita De Jesus Facio (as "Borrowers") executed that certain *Adjustable Rate Note (Home Equity*

*Conversion)* (the "Note") in the original principal amount of $93,000.00 payable to Financial Freedom Senior Funding Corporation and bearing interest at the rate of 2.580% per annum. A copy of the Note is attached hereto as Exhibit A.

18.     Concurrently with the Note, the Borrowers executed that certain *Adjustable Rate Deed of Trust (Home Equity Conversion)* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting Financial Freedom Senior Funding Corporation a security interest in certain real property and improvements located in Anderson County, Texas, commonly known as 8512 San Miguel Drive, El Paso, Texas 79907, and more particularly described as:

> LOT 7, BLOCK 3, VALLE DE SAN MIGUEL ADDITION, AN ADDITION TO THE CITY OF EL PASO, EL PASO COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF ON FILE IN BOOK 53, PAGE 1, PLAT RECORDS OF EL PASO COUNTY, TEXAS.

(the "Property"). The Security Instrument was recorded in the Real Property Records for El Paso County, Texas on October 8, 2003 under Instrument No. 20030098677. A true and correct copy of the Security Instrument is attached hereto at Exhibit B.

19.     The loan was subsequently transferred from Financial Freedom Senior Funding Corporation to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Financial Freedom Acquisition LLC, as evidenced by that certain *Corporate Assignment of Deed of Trust* ("First Assignment") executed on September 25, 2009 and recorded in the Real Property Records for El Paso County, Texas under Instrument No. 20090071809. A true and correct copy of the First Assignment is attached hereto as Exhibit C.

20.     The loan was then subsequently transferred from MERS, as nominee for Financial Freedom Acquisition LLC to CIT Bank, N.A., as evidenced in that certain *Assignment of Deed of*

*Trust* ("Second Assignment") executed on August 27, 2015 and recorded in the Real Property Records for El Paso County, Texas under Instrument No. 20150066190. A true and correct copy of the Second Assignment is attached hereto as <u>Exhibit D.</u>

21. The loan was then subsequently transferred from CIT Bank, N.A. to Bank of New York Mellon Trust Company, N.A., as Trustee for Mortgage Assets Management Series I Trust, as evidenced in that certain *Assignment of Deed of Trust* ("Third Assignment") executed on September 6, 2018 and recorded in the Real Property Records for El Paso County, Texas under Instrument No. 20180070768. A true and correct copy of the Third Assignment is attached hereto as <u>Exhibit E.</u>

22. Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

23. Under the terms of the Loan Agreement, the Borrowers are required to pay property taxes and maintain insurance on the Property.

24. The Loan Agreement further provides that should the Borrowers fail to pay property taxes and maintain insurance on the Property, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

25. On July 10, 2005, Decedent Maclovia Saldana passed away. No probate was ever opened for her. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, her heirs acquired all of her interest in the Property immediately upon her death—subject to the Loan Agreement debt owed to Plaintiff.

26. Defendant Teresita De Jesus Facio has failed to pay property taxes and maintain insurance on the Property.

27. Further, though some, if not all, of the heirs have had the use, benefit, and enjoyment of the Property, they have failed or refused to pay property taxes and maintain insurance on the Property.

28. The Loan Agreement in default as of July 29, 2015. Notice of Default and request to cure was served to the Estate of Maclovia Saldana and Defendant Teresita De Jesus Facio in accordance with the Loan Agreement and the Texas Property Code on March 12, 2019. A true and correct copy of the Notice of Default is attached hereto as <u>Exhibit F.</u>

29. The default was not cured. With this *Original Complaint,* Plaintiff hereby accelerates the full amount of the debt.

30. In accordance with Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III. CAUSE OF ACTION – STATUORTY PROBATE LIEN

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *" . . . the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law. . ."*

b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

33. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the heir's interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## VI. CAUSE OF ACTION – DECLARATORY JUDGMENT

34. The foregoing paragraphs are incorporated by reference for all purposes.

35. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

36. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Defendants' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrowers, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

## V. CAUSE OF ACTION - FORECLOSURE

37. The foregoing paragraphs are incorporated by reference for all purposes.

38. Plaintiff asserts a cause of action for judicial foreclosure against Defendants. Plaintiff has fully performed its obligations under the Loan Agreement, however, Defendants have failed to pay taxes and/or insurance for the Property required under the Note.

39. The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note. Accordingly, Plaintiff seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

40. Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8). Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendants, personally.

41. All conditions precedent have been performed or have occurred.

## VI. TRESSPASS TO TRY TITLE

42. Concurrent with Plaintiff acquiring all of Defendants' right, title and interest in the Property by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure, public auction, or foreclosure under Texas Rule of Civil Procedure 309, Plaintiff seeks a declaration and judgment under the Texas Uniform Declaratory Judgment Act, Texas Civil Practice and Remedies Chapter 37, that Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

## VI. WRIT OF POSSESSION

43. If any person occupies or claims possession of the Property after transfer of all right, title and interest in the Property by trustee's or sheriff's deed, Plaintiff requests a writ of possession against Occupant in accordance with Texas Rule of Civil Procedure 310.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing, that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. a declaration that all of Decedent's heirs-at-law have been made parties to this suit and are vested with all of Decedent's right, title, and interest in the Property; and

b. a declaration that the Note is in default;

c. a declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendants are divested and Plaintiff is vested with all of the right, title, and interest to the Property;

d. a writ of possession against any Occupant of the Property who fails or refuses to leave the Property after foreclosure or auction;

  e. attorneys' fees and costs of suit, not as a personal judgment against the Defendants, but only as an additional debt secured by the Deed of Trust; and

  f. all other relief, in law and in equity, to which Plaintiff is entitled.

            Respectfully submitted,

           By: */s/ Mark D. Cronenwett*
             **MARK D. CRONENWETT**
             Texas Bar No. 00787303
             mcronenwett@mwzmlaw.com

             **JONATHAN C. SMITH**
             Texas Bar No. 24103940
             jsmith@mwzmlaw.com

            **MACKIE WOLF ZIENTZ & MANN, P.C.**
            14160 N. Dallas Parkway, Suite 900
            Dallas, Texas 75254
            214-635-2650 (Phone)
            214-635-2686 (Fax)

            **ATTORNEYS FOR PLAINTIFF**