**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST,** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | |
| **TERESITA DE JESUS FACIO, JULIO HUMBERTO FACIO, HECTOR FACIO, CARLOS FRANCISCO FACIO, MARIA ESPERANZA VILCHIS, MARIA SOCORRO FACIOCONTRERAS, NORMA ALICIA SCHRECKENGOST, VERONICA GUADALUPE STOCKER, SYLVIA YOLANDA FACIO, CAROL FACIO RIVERA AKA CAROLINA RIVERA, and MARTIN MANUEL FACIO,** | § | **EP-19-CV-00334-KC** |
| ***Defendants.*** | § | |

**ORDER TO SUPPLEMENT BRIEFING**

Before the Court is Plaintiff Bank of New York Mellon Trust Company's Motion for Default Judgment, ECF No. 38 [hereinafter "Mot."]. United States District Judge Kathleen Cardone referred the Motion to the undersigned magistrate for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule CV-72. Text Order Referring Mot. Aug. 11, 2026.

When default judgment "'is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy,* 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savs. & Loan,* 802 F.2d 1200, 1203 (10th Cir. 1986)) (citing *Dennis Garberg & Assoc., Inc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767 (10th Cir.1997); *In re Tuli*, 172 F.3d 707 (9th Cir.1999)). "A court which lacks personal jurisdiction … cannot enter a valid judgment against that defendant." *Broad. Music, Inc. v. M.T.S. Enters.,* 811 F.2d 278, 281 (5th Cir. 1987). When challenged, "the party who seeks to invoke the jurisdiction of the federal court bears the burden of establishing the district court's jurisdiction." *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985) (citing *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir. 1982); *Sw. Offset, Inc. v. Hudco Publ'g. Co.,* 622 F.2d 149, 152 (5th Cir. 1980); *Brown v. Flowers Indus.,* 688 F.2d 328, 332 (5th Cir. 1982)).

Based on Plaintiff's briefing, it is unclear whether this Court has personal jurisdiction over Defendants Norma Alicia Schreckengost, Veronica Guadalupe Stocker, Sylvia Yolanda Facio, Carol Facio Rivera, and Martin Manuel Facio.

**IT IS THEREFORE ORDERED** that, **on or before August 21, 2026**, Plaintiff shall file additional briefing addressing whether the Court has personal jurisdiction to enter a default judgment against Defendants Norma Alicia Schreckengost, Veronica Guadalupe Stocker, Sylvia Yolanda Facio, Carol Facio Rivera, and Martin Manuel Facio. Failure to respond will result in a recommendation to deny Plaintiff's Motion for Default Judgment without prejudice.

**SIGNED** this 14th day of August, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**