**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST,** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | |
| **TERESITA DE JESUS FACIO, JULIO HUMBERTO FACIO, HECTOR FACIO, CARLOS FRANCISCO FACIO, MARIA ESPERANZA VILCHIS, MARIA SOCORRO FACIO-CONTRERAS, NORMA ALICIA SCHRECKENGOST, VERONICA GUADALUPE STOCKER, SYLVIA YOLANDA FACIO, CAROL FACIO RIVERA AKA CAROLINA RIVERA, and MARTIN MANUEL FACIO,** | § | **EP-19-CV-00334-KC** |
| ***Defendants.*** | § | |

**REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff Bank of New York Mellon Trust Company's Motion for Default Judgment, ECF No. 38 [hereinafter "Mot."]. United States District Judge Kathleen Cardone referred the Motion to the undersigned magistrate for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule CV-72. Text Order Referring Mot. Aug. 11, 2026. For the reasons set forth below, the Court **RECOMMENDS** Plaintiff's Motion be **GRANTED**.

## I. FACTUAL BACKGROUND

On or about June 6, 2003 Maclovia Saldana and Teresita De Jesus Facio executed an Adjustable Rate Note, “the Note”, in the original principal amount of $93,000 payable to Financial Freedom Senior Funding Corporation. Pl.’s Orig. Compl., ECF No. 1 ¶ 17 [hereinafter “Compl.”]; *see also* Compl. Ex. A [hereinafter “Note.”]. Along with the Note, Maclovia Saldana and Teresita De Jesus Facio executed a Deed of Trust, “the security instrument”, granting Financial Freedom Senior Funding Corporation a security interest in the property known as 8512 San Miguel Drive, El Paso, Texas 79907. Compl. Ex. B [hereinafter “Sec. Instr.”]. The agreement requires the borrowers to pay all taxes on the property. *Id.* ¶ 2.

The note and security instrument, collectively “loan agreement”, were transferred from Financial Freedom Senior Funding Corporation to Mortgage Electronic Registration Systems, Inc on September 25, 2009, and was subsequently filed with the real property records for El Paso County, Texas. Compl. Ex. C; *see also* Compl. ¶ 19. On August 27, 2015, the loan agreement was transferred from Mortgage Electronic Registration Systems, Inc to CIT Bank, N.A. and recorded with the real property records for El Paso County, Texas. Compl. Ex. D; *see also* Compl. ¶ 20. On September 8, 2018, the loan agreement was then transferred from CTI Bank, N.A. to Plaintiff and recorded with the real property records for El Paso County, Texas. Compl. Ex. E; *see also* Compl. ¶ 21.

On either July 10, 2005, or July 10, 2008, Maclovia Saldana died and no probate proceeding was opened for her.[1] Defendant Teresita De Jesus Facio has failed to pay taxes and

[1] Plaintiff states in paragraph 2 of their complaint that Maclovia Saldana died on or about July 10, 2008 . Compl. ¶ 2. In paragraph 25 Plaintiff states that Maclovia Saldana died on or about July 10, 2005. *Id.* ¶ 25. Since Defendants have not filed anything in relation to this case, the Court must rely solely on Plaintiff’s moving papers. The exact date of Ms. Salanda’s death is not pertinent to the subsequent analysis; instead all that is relevant is that she died and no probate proceeding was opened for her.

maintain insurance on the property. Compl. ¶ 26. Notice of default was served to the Estate of Maclovia Saldana and Defendant Teresita De Jesus Facio on March 12, 2019. *Id.* ¶ 28; Compl. Ex. F.

## II. PROCEDURAL BACKGROUND

The original complaint was filed on November 21, 2019. *See* Compl. On December 3, 2019, Defendant Julio Humberto Facio was properly served with process. Sums. Return., ECF No. 12. On December 5, 2019, Defendants Carlos Francisco Facio, Maria Socorro Facio-Contrera, and Teresita De Jesus Facio were properly served with process. *See* Sums. Return., ECF No.5; Sums. Return., ECF No.6; Sums. Return., ECF No. 7. On December 6, 2019, Defendant Maria Esperanza Vilchis was properly served with process. Sums. Return., ECF No. 8. On December 9, 2019, Defendants Sylvia Yolanda Facio and Martin Manuel Facio were properly served with process. *See* Sums. Return., ECF No. 27; Sums. Return., ECF No. 28. On December 11, 2019, Defendant Hector Facio was properly served with process. Sums. Return., ECF No. 11. On December 14, 2019, Defendant Norma Alicia Schreckengost was properly served with process. Sums. Return., ECF No. 9. On December 18, 2019, Defendant Carol Facio Rivera was properly served with process. Sums. Return., ECF No. 10.

On December 21, 2019, Defendant Teresita De Jesus Facio filed for bankruptcy. Notice Bankr. Filing by Def. Teresita De Jesus Facio, ECF No. 13. Notice was provided to the Court by Plaintiff on January 6, 2020. *Id.* The action was subsequently stayed by United States District Judge Philip R. Martinez, and the case was administratively closed on March 3, 2020. Stay Order, ECF No. 17.

Defendant Teresita De Jesus Facio's first bankruptcy petition was dismissed on March 1, 2022. Pl.'s Mot. Reopen Case on Active Dkt., ECF No. 18. On March 25, 2022, Plaintiff filed a

motion to reopen the case. *Id*. On March 31, 2022, Defendant Teresita De Jesus Facio filed a second bankruptcy petition. Notice Bankr. Filing by Def. Teresita De Jesus Facio, ECF No. 22. Before notice of this filing was provided to the Court, United States District Judge Kathleen Cardone ordered the case re-opened on April 4, 2022. Order, ECF No. 21. Plaintiff filed notice of Defendant Teresita De Jesus Facio's second bankruptcy petition on April 6, 2022. Notice Bankr. Filing by Def. Teresita De Jesus Facio, ECF No. 22. The case was again stayed and administratively closed on April 7, 2022. Order, ECF No. 23.

Defendant Teresita De Jesus Facio's second bankruptcy petition was dismissed on June 17, 2025. Pl.'s Mot. Reopen Case on Active Dkt., ECF No. 25. On June 20, 2025, Plaintiff filed a motion to re-open the case. *Id*. The case was re-opened on June 23, 2025. Order, ECF No. 26. On July 8, 2025, Plaintiff filed a Motion for Leave to Serve Party Out of Time to request a new summons for Defendant Veronica Guadalupe Stocker. Pl.'s Mot. Leave Serve Party Out of Time, ECF No. 29. On July 11, 2025, Judge Kathleen Cardone granted the motion. Order, ECF No. 30.

On September 2, 2025, Defendant Veronica Guadalupe Stocker was properly served with process. Sums. Return., ECF No. 34. As of today, none of the Defendants have responded or filed anything on the docket. On October 28, 2025, the Clerk's office entered Plaintiff's requested entry of default. ECF No. 37.

Plaintiff filed this motion for default judgment on December 1, 2025. Mot. In the Motion Plaintiff is requesting:

> a. Judgment against Defaulting Defendants declaring that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) the loan is in default; and (4) the requisite notices of default and acceleration were sent as required by the Deed of Trust and the Texas Property Code;
> b. Judgment allowing Plaintiff, its successors and assigns, to enforce the lien through non-judicial foreclosure of the Property pursuant to the terms of the Security Instrument, the Texas Constitution, and Texas Property Code section

> 51.002 by conducting a public auction of the Property in conjunction with all regularly scheduled nonjudicial foreclosure sales on the first Tuesday of the month;
> c. Judgment for court costs and attorney's fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i), which will be added as a charge to the total debt and collected at the time of foreclosure; and
> d. Any other relief to which the Court deems Plaintiff is entitled.

Mot. at 7-8. On July 28, 2025, Plaintiff filed a Notice of No Response, ECF No. 39 [hereinafter "Notice"].

## III. LEGAL STANDARD

"The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, default judgments are viewed as "a drastic remedy, . . . resorted to by courts only in extreme situations." *Id.* (collecting authority).

On a motion for default judgment, courts must treat as admitted all "well-pleaded allegations of fact" proffered by the movant. *Nishimatsu Constr. Co. v. Houston Nat'l. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (collecting cases). Even still, a movant "is not entitled to a default judgment simply because it has stated facts which make it plausible that a defendant may have defaulted." *Chavers v. Hall*, 488 F. App'x. 874, 879 (5th Cir. 2012). Instead, given the general disfavor for default judgments, a non-movant may not be "held to admit facts that are not well-pleaded or to admit conclusions of law," *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu,* 515 F.2d at 1206), and, as a general rule, any factual gaps or ambiguities are resolved in the non-movant's favor, *Chavers*, 488 F. App'x at 879 (quoting 10 Wright & Miller's Federal Practice & Procedure § 2681 (3d ed. 1998)).

Before weighing any factors relevant to the default judgment analysis, a district court must determine whether it "has the power to enter a valid default judgment." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). Where a plaintiff has failed to establish the court's jurisdiction, neither default nor default judgment can properly be entered. *See id.*

## IV. DISCUSSION

### A. Power to enter valid default judgment.

Before the Court can address the merits of the default judgment, the Court must determine if it has the power to enter default judgment. *See Sys. Pipe,* 242 F.3d at 324. When default judgment "is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Id*. (quoting *Williams v. Life Savs. & Loan,* 802 F.2d 1200, 1203 (10th Cir. 1986)). Defendants have not responded, nor filed anything on the docket in relation to this case since its inception. *See* Notice.

#### ***1. Subject matter jurisdiction.***

Per 28 U.S.C. Section 1332(a) "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." When determining citizenship "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. Plaintiff is a national banking association that is located in New York. Compl. ¶ 1. Therefore, Plaintiff is a citizen of New York.

Defendants Teresita De Jesus Facio, Julio Humberto Facio, Hector Facio, Carlos Francisco Facio, Maria Esperanza Vilchis, and Maria Socorro Facio-Conteras are citizens of Texas. Compl.

¶¶ 3-8. Defendants Norma Alicia Schreckengost, Veronica Guadalupe Stocker, Sylvia Yolanda Facio, Carol Facio Rivera, and Martin Manuel Facio are citizens of California. Compl. ¶¶ 9-13. Since none of the Defendants are citizens of New York, there is complete diversity between the parties. The original principal amount of the loan was $93,000. *Id.* ¶ 17. Therefore, this Court has subject matter jurisdiction over the action.

***2. In rem jurisdiction as an alternative to personal jurisdiction.***

"In rem jurisdiction is an alternative to personal jurisdiction, wherein a court exercises power over disputed property existing within its territorial jurisdiction." *Lewis v. Time Warner Cable Inc.*, No. SA-07-CA-872-FB, 2008 WL 559549, at *2 (W.D. Tex. Jan. 4, 2008) (citing *Hanson v. Denckla,* 357 U.S. 235, 246-47 (1958)). "The basis of the [jurisdiction] is the presence of the subject property within the territorial jurisdiction of the forum State." *Hanson*, 357 U.S. at 246. "A foreclosure action is an in rem proceeding." *U.S. Bank Nat'l. Ass'n. v. Robinson*, No. 3:17-CV-2586-G, 2018 WL 3406931, at *3 (N.D. Tex. June 15, 2018) (collecting cases), *R. & R. adopted* 2018 WL 3392176 (N.D. Tex. July 10, 2018), *appeal dismissed* 2019 WL 2314541 (5th Cir. Apr. 12, 2019). If the case "strictly concerns claims to the Property, [then] the Property's situs within Texas is sufficient to establish in rem jurisdiction." *Wilmington Savs. Fund Soc'y., FSB v. Meyer et al,* EP-23-CV-00078-DCG, 2023 WL 5014785, at *4 (W.D. Tex. Aug. 7, 2023) (citing *Shaffer v. Heitner*, 433 U.S. 186, 207-08 (1977)), *R. & R. adopte*d 2024 WL 3390621 (W.D. Tex. Jan. 18, 2024).

Here, "Plaintiff seeks no personal liability against Defaulting Defendants but seeks only a judgment for an *in rem* interest in the Property." Mot. ¶ 34. Even though Plaintiff is requesting attorneys' fees, it is not seeking a personal judgment against any Defendant. *Id*. Since the case is limited to a foreclosure action concerning real property located within the Western District of

Texas, this Court has in rem jurisdiction over the matter. Therefore, any judgment will be limited to the property itself, and no personal judgment will be issued against any Defendant.

**B. Default judgment is appropriate.**

Default judgment may be sought "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). When assessing whether to grant a default judgment, the Court must decide three questions. *See Pulmuone Foods USA, Inc. v. IPI., LLC.,* No. 4:25-CV-01021-O, 2026 WL 2241749, at *2 (N.D. Tex. Aug. 4, 2026). First, the Court must assess whether default judgment is procedurally appropriate. *Id*. Second, "the Court assesses the merits of the plaintiff's claims and the sufficiency of the complaint." *Id.* (citing *Nishimatsu Constr. Co*., 515 F.2d at 1206). Third, the Court must determine whether the party is entitled to the relief requested. *See Pulmuone Foods USA,* 2026 WL 2241749, at *2.

***1. Procedurally appropriate.***

When determining whether default judgment is procedurally appropriate the Court assesses relevant factors such as:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998).

First, since all Defendants failed to respond there are no material issues of fact. *See* Notice. Second, the only prejudice has been against the Plaintiff who has been litigating this case since 2019. *See* Compl.; *see also Pulmuone Foods USA,* 2026 WL 2241749, at *2 (holding failure to appear causes substantial prejudice to Plaintiff because it prevents Plaintiff from receiving expeditious relief). Third, the grounds for default are clearly established by Defendants' failure to respond. *See* Fed. R. Civ. P. 55(a). Fourth, there are no facts before this Court indicating the lack

of response was due to a good faith mistake. Fifth, while default judgment is a drastic remedy, it is warranted in this case, given that all Defendants were properly served, and none have responded. *See supra* Section II. Sixth, none of the Defendants have made any effort to participate in this lawsuit for six years, and "because the Court is not aware of any 'good cause' for their failure to participate, the Court would be unlikely to set aside the default if it is later attacked." *Pulmuone Foods USA*, 2026 WL 2241749, at *2 (citing Fed. R. Civ. P. 55(c)). Therefore, default judgment is procedurally appropriate.

***2. Merits and sufficiency of the claim.***

At the default judgment stage "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

*a. Each defendant is properly joined.*

Under Texas Estates Code "[s]ubject to Section 101.051, the estate of a person who dies intestate vests *immediately* in the person's heirs at law." Tex. Est. § 101.001(b) (2014) (emphasis added). Section 101.051 notes that "[a] decedent's estate vests in accordance with Section 101.001(b) subject to the payment of, and is still liable for the debts of the decedent, except as exempted by law." *Id*. § 101.051(b). If a person dies without a spouse, and without a will "[t]he person's estate descends and passes to the person's children and the children's descendants." *Id*. § 201.001(b). An heir is defined as "a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate." *Id*. § 22.015.

When addressing this issue Texas Courts have held "[t]he defendants as heirs of the original maker of the note and mortgage had [an] interest in the mortgaged property which was sufficient to authorize the judgment of foreclosure." *Chadwick v. Watkins,* 258 S.W.2d 194, 196 (Tex. App.

1953) (citing *Austin v. First State Bank & Trust Co*., 275 S.W. 156, 159 (Tex. App. 1925)). However, "a creditor of the intestate cannot have a personal judgment against such heirs having property in their hands, but must look to the *property only*." *Chadwick*, 258 S.W.2d at 197 (emphasis added) (citing *Blinn v. McDonald*, 46 S.W. 787, 790 (Tex. 1899)). To have an enforceable action against the heirs to whom the property descended, "the petition must allege that the estate has been distributed to the heirs, and the proof must show specifically what property has come into the hands of the heirs to enable the court to decree and foreclose the lien." *Chadwick*, 258 S.W.2d at 197 (citing *Westerfeld v. Stout*, 129 S.W.2d 478, 479 (Tex. App. 1939)). When assessing proof, "it will be presumed that the division was made in the [proportions] indicated by the statute." *Chadwick*, 258 S.W.2d at 198 (quoting *Byrd v. Ellis,* 35 S.W. 1070, 1071 (Tex. App. 1896)).

Maclovia Saldana [hereinafter "Decedent"] died and no probate proceeding was opened for her. Compl. ¶ 25. Decedent likely died without a will; therefore, she died intestate. Defendants Julio Humberto Facio, Hector Facio, and Carlos Francisco Facio are sons of the Decedent. *Id.* ¶¶ 4-6. Defendants Maria Esperanza Vilchis and Maria Socorro Facio-Conteras are daughters of the Decedent. *Id*. ¶¶ 7-8. Defendants Norma Alicia Schreckengost, Veronica Guadalupe Stocker, Sylvia Yolanda Facio, and Carol Facio Rivera are granddaughters of the Decedent. *Id*. ¶¶ 9-12. Defendant Martin Manuel Facio is the grandson of Decedent. *Id*. ¶ 13.

Since Decedent died intestate, under Texas law Defendants are Decedent's heirs at law. *See* Tex. Est. §§ 201.001(b); 22.015. This Court will presume divisions were made in accordance with the Texas Estates Code. *See Chadwick,* 258 S.W.2d at 197. Therefore, all Defendants are properly named in this action.

*b. Foreclosure is appropriate under Texas law.*

"To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [defendants] are in default under the note and security instrument; and (4) [defendants] received notice of default and acceleration." *Hutson v. U.S. Bank Nat'l. Ass'n,* 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing Tex. Prop. § 51.002). Under the Texas Constitution, the homestead of a family is "protected from forced sale, for the payment of all debts except for an extension of credit that is secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse." Tex. Const. art. 16, § 50(6)(a).

First, a debt exists as evidenced by the Note. *See* Note. Second, the security instrument was signed by both owners of the property. *See* Sec. Instr. Both owners were identified as unmarried at the time they signed the security instrument. *Id.* Therefore, the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution. The security instrument, *see* Sec. Instr. ¶ 2, and the note, *see* Note. ¶ 7(b)(ii), both require the borrowers to pay all taxes on the property. Defendant Teresita De Jesus Facio has failed to pay taxes and maintain insurance on the property. Compl. ¶ 26. Therefore, the debt is in default under both the note and the security instrument. Lastly, Plaintiff sent notice of default and acceleration as required by Texas Property Code Section 51.002. *See* Compl. Ex. F. Therefore, Plaintiff has proved the requirements for a foreclosure under Texas law.

***3. Entitled to relief.***

"In a case of actual controversy within its jurisdiction" subject to certain exceptions "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief

is or could be sought." 28 U.S.C. § 2201(a). As discussed above, this case presents an actual controversy within this Court's jurisdiction. *See supra* Section IV.A.

In its motion, Plaintiff requests:

> a. Judgment against Defaulting Defendants declaring that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) the loan is in default; and (4) the requisite notices of default and acceleration were sent as required by the Deed of Trust and the Texas Property Code;
> b. Judgment allowing Plaintiff, its successors and assigns, to enforce the lien through non-judicial foreclosure of the Property pursuant to the terms of the Security Instrument, the Texas Constitution, and Texas Property Code section 51.002 by conducting a public auction of the Property in conjunction with all regularly scheduled nonjudicial foreclosure sales on the first Tuesday of the month;
> c. Judgment for court costs and attorney's fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i), which will be added as a charge to the total debt and collected at the time of foreclosure; and
> d. Any other relief to which the Court deems Plaintiff is entitled.

Mot. at 7-8. As discussed above, *see supra* Section IV.B.2.b, Plaintiff has established the requirements for foreclosure under Texas law, which are listed again in its requested relief.

Texas Property Code Section 51.002(a) states that the "sale of real property under a power of sale conferred by a deed of trust or other contract lien must be a public sale at auction." The security instrument provided an interest in real property via a deed of trust. *See* Sec. Instr. Under the terms of the agreement, Plaintiff may now exercise its power of sale. *Id.* ¶ 21. Therefore, sale in accordance with Section 51.002 is proper.

Texas law allows the recovery of reasonable attorneys' fees if the claim is for an oral or written contract. Tex. Civ. Prac. & Rem. § 38.001(b)(8) (2021). The security instrument allows Plaintiff to recover reasonable attorneys' fees incurred while pursuing its power of sale. Sec. Instr. ¶ 21. Therefore, Plaintiff is entitled to reasonable attorneys' fees, not as a personal judgment against any Defendant, but to be recovered from the sale of the real property.

## V. CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** the district court **ORDER** Plaintiff's Motion for Default Judgment, ECF No. 38, be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that:

1. the district court **ORDER** that, Plaintiff, its successor and assigns, can enforce the lien through non-judicial foreclosure of the Property pursuant to the terms of the Security Instrument, the Texas Constitution, and Texas Property Code Section 51.0002.
2. the district court **ORDER** that, Plaintiff is entitled to court costs and attorneys' fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), which will be added as a charge to the total debt and collected at the time of foreclosure.

**SIGNED** this 28th day of August, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**